{¶ 38} Although I agree with the majority's conclusion that the trial court's judgment be affirmed, I do so for different reasons, and so I write separately.
 {¶ 39} According to the parties' Agreed Judgment Entry and Decree of Divorce, "Plaintiff is assigned an amount equal to Forty Three and Seven Tenths Percent (43.7%) of the Marital Portion of the Defendant's Gross Monthly Annuity determined as of his date of retirement." Id., at 6. The majority concludes the provision assigns benefits as of the date of defendant's retirement. In my opinion, it does not. Rather, because the benefits under defendant's pension have accrued from the date of the marriage, the provision sets the date on which the amount yielded under plaintiff's percentage of the benefits will be determined.
 {¶ 40} While I disagree with the majority's interpretation of the noted provision, I nonetheless agree not only that defendant was obliged to pay the benefits once he retired, but that defendant was aware of his obligation. The divorce decree provides that defendant pay plaintiff spousal support in the amount of $2,000 per month until *Page 14 
December 31, 2000, and then $1,000 per month until, as pertinent here, his retirement. On his retirement, the spousal support is reduced to $1. The intent is apparent: spousal support terminates when retirement payments begin. After his retirement and apparently in recognition of his obligation, defendant began to pay plaintiff a portion of his retirement benefits, though not to the extent the decree requires.
 {¶ 41} Further supporting defendant's obligation to begin paying plaintiff a portion of his retirement benefits on his retirement, the decree states that if defendant leaves the federal service and seeks a refund of his employee contributions, plaintiff is entitled to a share of the benefits calculated under the same formula employed in determining the amount of the pension benefit to which she is entitled. Because the receipt of such retirement contributions requires payment to plaintiff, the receipt of the benefits of the fund likewise requires payment, as defendant's actions acknowledge. {¶ 42} The language of the decree is less than exact about the date when payments are to commence, but the noted provisions, defendant's actions in response to them, and the correspondence between counsel for the parties as noted in the majority opinion all provide the basis for the trial court to conclude defendant was obliged to pay a portion of his retirement benefits to plaintiff and knew he was so obliged. For those reasons, I concur in affirming the trial court's judgment finding defendant in contempt, and I concur in the remainder of the majority's opinion affirming the judgment of the trial court. *Page 1